### E. BOONE v. J. W. KNOX ET AL.

#### No. 6925.

1. **Action in Trespass to Try Title by One Tenant in Common.**—While one tenant in common can recover in trespass to try title the entire land sued for against a mere trespasser, such plaintiff when a defendant establishes title to a part interest, is not entitled as against the defendant to recover for other tenants in common not parties.

2. **Same.**—Each tenant in common is entitled to the enjoyment of the entire premises undisturbed by any one except his cotenants, and therefore it is proper that he should have the right to dispossess a stranger to the title.

3. **Action by Tenant in Common.** — While other tenants in common may be benefited by the recovery of another suing a trespasser, such suit is in no sense the suit by the former and they are not estopped by it.

4. **Warrantor is Liable for Interest, etc.**—Where rents are recovered or set off against improvements the warrantor is liable for interest for the time rents were recovered.

5. **Partition.**—Where a defendant in an action of trespass to try title brought by one or more tenants in common establishes title in an undivided interest in the land sued for, and it also is shown that other parties are tenants in common, before partition, the others should be made parties.

6. **Improvements by Tenant in Common.**—If the improvements made by the defendant be set apart in partition to him, his claim for their value would be satisfied, as would be his right to interest from his warrantor upon a failure in part of his title.

ERROR from Jack. Tried below before Hon. Geo. A. McCall. The opinion states the case.

*H. C. Ferguson,* for plaintiff in error.—1. The petition not disclosing that plaintiff claimed any portion of the land for parties who were not joined in this suit, judgment should not have been rendered against defendants for such portions. Rev. Stats., art. 4785, subdiv. 3; Stovall v. Carmichael, 52 Texas, 389.

2. A tenant in possession can not maintain suit for his cotenant in common for recovery of land except against a wrongdoer. Sowers v. Peterson, 59 Texas, 221.

3. A vendee who occupies land under warranty deed, who is ejected by a superior title, and against whom no judgment is rendered for use and occupation, is not entitled to recover interest on the purchase money against his warrantor, the use of the land being equivalent to the use ·of the money. Brown v. Hearon, 66 Texas, 64.

*Walton, Hill & Walton,* also for plaintiff in error.

*Stark & Stark,* for defendants in error.—When the owner of the paramount title recovers from the party in possession of land mesne profits, the party in possession, if holding by warranty deed, may recover from his warrantor the purchase money with ·interest from the date of the purchase as damages for the breach of his warranty. Brown v. Hearon, 66 Texas, 64, 65; Simpson v. Belvin, 37 Texas, 683; Hall v. Pierson, 1 Ct. App. C. C., sec. 1210.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title to a tract of land patented to the heirs of G. D. Spottswood. The plaintiffs claimed title as the heirs of the original patentees. There were several defendants, all of whom either disclaimed or declined to answer except J. W. Knox. He pleaded not guilty and the statute of limitations. He also answered specially that he bought the land in controversy from A. Harrell and W. Harrell, who conveyed it to him by deed with covenants of general warranty, and that they derived their title through a like deed from E. Boone. He prayed that the Harrells and Boone be vouched in to defend the title, and that in the event the plaintiffs recovered he have a recovery over against them on their respective warranties.

The court found that the plaintiffs were the heirs of the original grantee of the certificate by virtue of which the land was patented, but that all of them were barred by limitation except three, of whom two were each entitled to an undivided one-twentieth interest in the land sued for, and the third to one-seventieth. It was also found that there were five other persons who were together entitled to one-seventieth of the land. The defendant Knox was found to have title against the other heirs by limitation. It was adjudged that the plaintiffs who were not barred should recover in their own right their respective interests as hereinbefore stated, and that they should also recover for their cotenants who were not barred by limitation and were not parties the one-seventieth undivided interest of which they had been found to be the owners. The several interests recovered amounted to nine-seventieths of the land. The defendant Knox recovered of the Harrells and of Boone, on their respective covenants of warranty, a like proportion of the purchase money paid for the land.

The defendant Boone alone brings this writ of error and complains that the court erred in adjudging a recovery in favor of the plaintiffs for the benefit of cotenants who were not parties to the suit. The action of the court in the particular complained of is clearly erroneous. It is undoubtedly true that in this State one tenant in common may recover the whole land as against a stranger, and that the recovery will inure to the benefit of his cotenants. The rule prevails in most of our States, but is not universal. In Massachusetts, Missouri, and Pennsylvania it seems to be held that a tenant in common can recover only to the extent of his own interest, even as against a wrongdoer. Dewey v. Brown, 2 Pick., 287; Gray v. Givens, 26 Mo., 303; Dawson v. Mills, 32 Pa. St., 302. The Supreme Court of Massachusetts in Dewey v. Brown, *supra*, say: "The tenant being in possession ought not to be disturbed except by those who have the right, *non constat* that the other coheirs are not as willing that the tenant should occupy the land as that the demandant should." The true principle would seem, however, to be that each tenant in common is entitled to the enjoyment of the entire premises undisturbed by any one except his cotenants, and therefore it is proper that he should have the right to dispossess a stranger to the title. Because the adverse occupant is dispossessed and because the possession of one tenant in common is ordinarily deemed the possession of all, one who is not a party to the suit receives the benefit of a recovery by another. It does not follow, however, that for the reason that he indirectly receives the benefit of the recovery it is in any sense his suit, or that as between him and the defendant either of them is estopped by the judgment. Stovall v. Carmichael, 52 Texas, 382.

Besides, in this case the defendant Knox showed title to an undivided interest of six-sevenths of the land and is not a mere trespasser. The plaintiffs who recovered had the right to have the extent of their own interest adjudicated as between them and the defendant Knox and to be admitted to the possession of the land; but upon what principle they were adjudged to recover for the benefit of others not parties to the suit we are at a loss to know.

The effect of the judgment is that there is a recovery of one-seventieth of the land more than ought to have been recovered; and a corresponding excess in the recovery of the defendant Knox against his codefendant Boone on the latter's warranty. The error is prejudicial therefore to the plaintiff in error and requires a reversal of the judgment.

The defendant Knox having been charged with rents as against his improvements, was entitled to interest on the part of the purchase money recovered by him on the warranty. Brown v. Hearon, 66 Texas, 64.

It would seem that a proper adjustment of this controversy requires that all the tenants in common in the land be brought before the court. In partition the defendant Knox's improvements might be set apart to him, without detriment to his cotenants. If this were done,

then Knox would not lose the benefit of his use of the land and would not be entitled to the interest on the purchase money received by his warrantors.    If this can not be done, and if he should again show himself a possessor in good faith, he should be secured the value of the interest in his improvements lost by him, according to the rule laid down in the statute (Rev. Stats., art. 4813, *et seq.*), and will be entitled to interest on his recovery against his codefendants.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 1, 1891.