## J. T. Hammons v. Moses Clwer et al.

Decided March 12, 1910.

1.—**Public Policy—Title by Limitation—Agreement—Statute of Frauds—Stale Demand.**

H. and C. entered into an agreement to buy the claim of one holding possession of a section of land under a void tax deed and to acquire title thereto by ten years' occupancy. H. was to pay one-tenth of the purchase money, and C. nine-tenths; H., being a lawyer, was to advise C. as to all steps necessary to be taken to acquire limitation title, and C. was to hold possession of the land; the deed was to be taken in the name of C. and at the end of ten years one-fourth of the land was to belong to H. and three-fourths to C.; the agreement was complied with in all respects by H., but C. repudiated the agreement when the title was perfected by limitation and claimed the entire section for himself. In a suit by H. against C. for his in-

terest in the land, held, that the contract was not subject to the objections that it was inequitable because an attempt to acquire the property of another without paying therefor; that the contract was merely optional and not binding on C.; that H. paid nothing of value for the land; and that the contract contravened the statutes of fraud. It was error to sustain an exception to the petition on said grounds. Nor did it appear that plaintiff's demand was stale.

**2.—Practice—Amending Pleading.**

When a general demurrer to a petition is sustained, it is not incumbent on the plaintiff to amend his petition so as to meet the ruling of the court sustaining a special exception also.

Appeal from the District Court of Eastland County. Tried below before Hon. Thomas L. Blanton.

*J. T. Hammons,* for appellant.—The court erred in sustaining the defendant, Moses Clwer's general demurrer to the plaintiff's pleading herein filed. Henderson v. Rushing, 47 Texas Civ. App., 485; Gardner v. Randell, 70 Texas, 453; Lucia v. Adams, 36 Texas Civ. App., 454; Stafford v. Stafford, 29 Texas Civ. App., 73, 96 Texas, 106. Petition good on general demurrer, it alleges equitable cause, shows trust. Burdett v. Haley, 51 Texas, 540.

A joint acquisition of land and parol trust and parol contract is not within the statute of frauds, and a petition setting up the same is not open to a general demurrer, it not being a contract to buy or sell land as between plaintiff and defendant. James v. Fulcord, 5 Texas, 512; Neil v. Keese, 5 Texas, 23; Anderson v. Powers, 59 Texas, 213; Smock v. Tandy, 28 Texas, 130; Tiffany & Bullard on Law of Trusts, pp. 22, 24, 28 to 31, 97 to 98, 112. That Texas has no statute regulating trusts in land, ib., p. 454. Evidence: Andrews v. Jones, 10 Ala., 400 and 460; 1 Halstead's Laws of Ev., pp. 431 to 442; Hardy v. DeLeon, 5 Texas, 211; Edwards v. Barwise, 69 Texas, 84.

H. and C. jointly acquired land in 1884, and C. kept it in actual possession for H. as his tenant till 1907, at which time C. disclaimed his tenancy and then, and not until then, C. renounced H.'s title, and in less than one year H. brought suit for possession in trespass to try title, H.'s claim is not a stale demand. H. offering to do all equity in his prayer to his petition shows "clean hands." Gibbons v. Bell, 45 Texas, 417-420; Hughes v. Lane, 25 Texas, 356; Crosby v. First Presb. Church, 45 Texas Civ. App., 111; Clark v. Kirby, 25 S. W., 1096; Waller v. Leonard, 34 S. W., 799; Oury v. Sanders, 24 S. W., 341; 27 Am. & Eng. Ency. Law (1st ed.), 99, 100-104. When deed is absolute parol evidence to prove trust, 17 Am. & Eng. Ency. Law (1st ed.), p. 446; Leakey v. Gunter, 25 Texas, 400; Clark v. Watson, 5 N. E., 298.

*Earl Conner,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—J. T. Hammons sued Moses Clwer and the heirs of Timothy Leahey, deceased, to recover one-fourth of a section of land patented to Timothy Leahey, and from

a judgment sustaining a general demurrer and special exceptions to his petition and dismissing the suit, he has appealed.

Following the allegations in the usual form of trespass to try title, plaintiff alleged specially that A. J. Stewart was holding said section of land under and by virtue of a void tax deed, and that plaintiff and defendant Moses Clwer entered into a parol contract by the terms of which they agreed to purchase Stewart's claim to the land by paying him therefor the sum of one hundred dollars, of which amount ten dollars was to be paid by plaintiff and ninety dollars by Clwer; that Clwer should then take possession of the land and acquire title thereto under the statute of limitation of ten years, and that plaintiff, who was a practicing attorney, should give such legal advice as was necessary to fully inform Clwer of all steps required to be taken in order to so acquire title to said land; that the deed from said Stewart should be taken in the name of Clwer and that when title by limitation was perfected as contemplated, one-fourth of said section should be the property of the plaintiff. Plaintiff further alleged that he furnished the ten dollars so agreed to be furnished by him; performed all other obligations which he had contracted to perform; that Clwer procured a deed from Stewart by paying him the sum of one hundred dollars and went into the possession of the land and held the same for more than ten years in such manner and under such circumstances as to perfect title in him under the statute of limitation of ten years; that while so holding possession of said land there was a parol agreement between him and plaintiff by the terms of which one-fourth of said land was partitioned to the plaintiff and three-fourths to Clwer; that the portion so partitioned to plaintiff was described in a deed from one Whittaker, which was in Clwer's possession, and that plaintiff was unable to specifically describe the same without an inspection of said deed which Clwer was notified to produce upon the trial of the suit; that it was agreed by and between plaintiff and Clwer that Clwer should hold possession of said land and perfect title thereto by limitation for the use and benefit of himself and plaintiff; that after title was so perfected Clwer repudiated said agreement and claimed title in himself to the entire section.

Appellee contends that the allegations of the plaintiff's petition show that the contract relied upon to sustain his suit was inequitable in that plaintiff and Clwer thereby undertook to acquire property without paying the owner any consideration therefor, and therefore plaintiff did not come into court with clean hands; that it appears from the allegations in the petition that the performance of the contract on the part of Clwer was not a binding contract on his part, but optional only; that it does not appear that plaintiff paid anything of value or bound himself to perform any act which would constitute a valuable consideration for the purpose of acquiring said land, and that the contract alleged was in contravention of the statute of frauds.

The right to acquire title to land by limitation is given by our statutes, and we fail to see how it can be said that an agreement between two parties to so acquire such a title could be termed wrong-

ful or inequitable. The allegation in the plaintiff's petition that Stewart held the land under the tax deed, we think, was equivalent to an allegation that he was in possession of the same, and the other allegations in the petition should be construed as allegations that in consideration of the payment to Stewart of the one hundred dollars, Clwer acquired possession. This of itself we think sufficient to show a valuable consideration for Clwer's agreement that one-fourth of the section of land should become the property of plaintiff when title to the section was perfected as contemplated by the agreement. The contract alleged imports binding obligations upon Clwer and not merely an option on his part to perform or not to perform the same at his election. Neither was the contract alleged in contravention of the statute of frauds. Henderson v. Rushing, 47 Texas Civ. App., 485 (105 S. W., 840); Gardner v. Randall, 70 Texas, 453; Lucia v. Adams, 36 Texas Civ. App., 454 (82 S. W., 335).

We think the allegations of the petition were sufficient to show a right of recovery in the plaintiff as against the general demurrer, and that the court erred in sustaining the demurrer.

We do not think that the petition showed stale demand on the part of plaintiff as held by the court in sustaining plaintiff's tenth special exception.

The second special exception was in effect that the petition was insufficient in that the date of the alleged parol agreement for partition of the section between plaintiff and Clwer was not alleged, and that no sufficient excuse is given for failure to allege the same. We feel inclined to hold that the exception was properly sustained, but as the general demurrer was also sustained it was not incumbent upon the plaintiff to amend the petition so as to meet the ruling of the court on the special exception. We suggest, however, that upon another trial the petition should be amended so as to set out the date and attendant circumstances of the parol agreement of partition as fully as plaintiff is able to do so.

Other special exceptions were sustained presenting the same questions that have been discussed above in the determination of the merits of the general demurrer.

The suit was against Moses Clwer and the heirs of Timothy Leahey, deceased. The heirs of Timothy Leahey are named in the petition and the petition contains an allegation that the heirs so named are dead, and their heirs are not made parties defendant. Of course, the suit can not be prosecuted against the heirs of Timothy Leahey, deceased, if those heirs are dead. We have thought it proper to refer to these allegations in the petition to the end that it may be properly amended and the proper parties cited before the case is again tried.

For the errors above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*