BEAUMONT et al. v. NEWSOME.

(Court of Civil Appeals of Texas. Ft. Worth. June 24, 1911.)

APPEAL AND ERROR (§ 509*)—NOTICE OF APPEAL—RECORD.

Where the record fails to show the giving of notice of appeal, the Supreme Court has no jurisdiction to determine the merits of the assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2317; Dec. Dig. § 509.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by E. Newsome against M. F. Beaumont and others. Judgment for plaintiff, and defendants appeal. Dismissed.

Reeder & Graham, for appellants. R. E. Underwood and J. L. Penry, for appellee.

DUNKLIN, J. E. Newsome recovered a judgment against M. F. Beaumont in the district court of Potter county for 40 acres of land. The judgment was rendered on April 1, 1910, and the court adjourned for the term on the following day. The judgment recites that the defendant had filed his answer in the case, but that he failed to appear upon the trial of the cause. The statement of facts filed in the cause shows that the only proof of title offered by the plaintiff consisted in memoranda from an abstract of title, and that the same was admitted as evidence of title upon the statement to the court by plaintiff's counsel that the defendant's counsel had agreed that such proof might be admitted in evidence.

The defendant Beaumont presents to this court affidavits of his counsel showing, in effect, that they had no notice of the rendition of the judgment until approximately 15 days after the adjournment of the term of court during which the judgment was rendered; that the case was tried without notice to them; that, prior to the trial, the trial judge had promised defendant's counsel to notify him over the telephone in the event the case should be called for trial; that the failure of the judge to comply with that promise was induced by representations on the part of plaintiff's counsel that defendant and his counsel had abandoned their defense to the cause; that if the defendant's counsel had known the case would be called for trial he would have appeared at said trial; that he would have urged his defense to plaintiff's suit; that no agreement had been made between plaintiff's counsel and defendant's counsel for the admission of the abstract of title to prove plaintiff's case in lieu of the conveyances showing such title; and that the defendant had a meritorious defense to plaintiff's suit.

The record fails to show that defendant gave any notice of appeal to this court from the judgment rendered, as required by the statute, and without such notice of appeal actually given in open court this court has no jurisdiction to determine the merits of the assignments of error presented in appellant's brief, and accordingly the appeal is dismissed. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

Appeal dismissed.