FREEMAN v. KLAERNER. (No. 5757.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1916.)

1. MORTGAGES &⚮497(1)—FORECLOSURE—RES JUDICATA.

A judgment, in a suit in which the junior mortgagees and the mortgagors are joined, foreclosing a first mortgage and directing distribution of the proceeds of foreclosure sale among the parties, is res judicata of the issues determined, and bars suit by a mortgagor and a junior mortgagee to readjust the proceeds of the land sold.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471, 1473; Dec. Dig. &⚮497(1).]

2. DESCENT AND DISTRIBUTION &⚮91(1) — SUIT BY HEIR—CONDITION PRECEDENT.

For an heir to sue a debtor of his ancestor's estate, he must allege and prove there was no administration and none necessary.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 359–361, 368, 375; Dec. Dig. &⚮91(1).]

Appeal from District Court, Gillespie County; N. T. Stubbs, Judge.

Action by M. T. Freeman against H. Y. Freeman, in which John Klaerner intervened. From judgment for intervener, defendant appeals. Reversed and rendered.

A. W. Moursund, of Fredericksburg, for appellant. W. C. Linden, of San Antonio, for appellee.

SWEARINGEN, J. M. T. Freeman sued H. Y. Freeman for one-sixth of $7,000, or $1,166.66, less a credit of $625.55. The cause of action declared on was that 320 acres of land had been the separate property of Minerva Freeman, the mother of M. T. and H.

Y. Freeman. During her life she executed a deed of trust on the land to secure the payment of $2,500, with interest and attorneys' fees, provided for in a note given to A. Grote. After the death of Minerva Freeman, H. Y. Freeman by inheritance and purchase became the owner of a five-sixths interest, and M. T. Freeman a one-sixth interest, in the 320 acres of land, subject to the debt of $2,500, made by the mother. After the mother's death, H. Y. Freeman mortgaged his five-sixths interest to secure a debt to Robinson, and M. T. Freeman executed a mortgage on his one-sixth interest in the land to secure a debt due by him to John Klaerner. Both junior mortgages were subject to superior mortgage of August Grote. Suit No. 914 was filed by August Grote to foreclose his mortgage lien on the 320 acres of land. The parties to suit No. 914 were August Grote, holder of the superior mortgage, John Klaerner and Robinson, holders of the two junior mortgages, and also M. T. and H. Y. Freeman. The mortgages were foreclosed in suit No. 914 and order of sale issued, the land sold by the sheriff for $7,000, and the proceeds applied in strict obedience to the judgment foreclosing the respective liens, viz., $89.75 was applied to payment of costs of the suit No. 914 and sale; $3,156.90 to payment of the principal, interest, and attorneys' fee on said note for $2,500; and of the remainder one-sixth, or $625.55, was paid to John Klaerner on his debt secured by the mortgage on M. T. Freeman's one-sixth interest on the said land. In the present suit, M. T. Freeman attempts to show that all of the $2,500 note was the indebtedness of H. Y. Freeman, and that M. T. Freeman should have received one-sixth of the $7,000 for which the land was sold. In other words, that he should have received $1,166.66 instead of $625.55. John Klaerner intervened in the instant suit and adopted all the pleading of the plaintiff, M. T. Freeman, as his own, and in addition thereto averred that M. T. Freeman had guaranteed that the land when sold would bring enough money to pay in full his debt against M. T. Freeman. The case was tried without a jury, and judgment was rendered holding that M. T. Freeman had assigned all his interest to John Klaerner and that John Klaerner should recover of H. Y. Freeman $266.25. All costs of suit were adjudged against H. Y. Freeman.

[1] It is apparent, from the foregoing statement of the cause of action presented by all the pleadings, that this suit is an attempt to readjust the proceeds of the land sold by virtue of the judgment in suit No. 914. That judgment was final, and definitely ordered the distribution actually made, and it determined the issues sought to be readjusted by this present case, and all the parties to this present suit are estopped thereby, because they were parties to that suit.

---

&⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] It may be that H. Y. Freeman owed the estate of his mother $2,500, and that M. T. Freeman, his mother's heir, was entitled to one-sixth of the $2,500 debt; but no such cause of action is alleged in this case, and could not be, because M. T. Freeman could have no right to sue H. Y. Freeman for the debt due the mother's estate unless he alleged and proved that there was no administration of her estate or no necessity for one. Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015. Furthermore, M. T. Freeman gave John Klaerner only a mortgage on the one-sixth interest in the 320 acres of land and did not give him his one-sixth interest in the estate of his mother. M. T. Freeman expressly alleged that he had never conveyed his interest in the estate to any one. This allegation was expressly adopted by John Klaerner, intervener. The proof showed only a mortgage to John Klaerner for one-sixth of the equity in the 320 acres of land.

The judgment recites that M. T. Freeman had assigned his interest in the estate to John Klaerner. The judgment is therefore unsupported by the pleadings and is contrary to the undisputed evidence in this case.

The judgment of the trial court is reversed and here rendered for appellant, H. Y. Freeman.