ENGELKING v. MERTENS.  (No. 6011.)

(Court of Civil Appeals of Texas.  San Antonio.
April 10, 1918.)

1. TRESPASS TO TRY TITLE ⟳41(1) — EVI-
DENCE OF TITLE—SUFFICIENCY.

Evidence which showed who were the mort-
gagee's heirs and that the mortgagee died leav-
ing an estate, but which failed to show that
there was no administration pending or that
administration was unnecessary, was insuffi-
cient to prove that a conveyance by the heirs to
plaintiff bringing trespass to try title passed, any
right.

2. TRESPASS TO TRY TITLE ⟳6(1)—TITLE TO
SUPPORT.

In trespass to try title, plaintiff can recover
upon the strength of his own title only.

3. TRESPASS TO TRY TITLE ⟳41(1)—TITLE TO
SUPPORT—SUFFICIENCY OF EVIDENCE.

In trespass to try title, where plaintiff claim-
ed a superior legal title from a common source,
held, under the evidence, that plaintiff at most
had only such right as might accrue to him by
reason of having without request liquidated the
amount of mortgage debt against the home of
defendant which right was unavailing.

Appeal from District Court, Jim Wells
County; V. W. Taylor, Judge.

Trespass to try title by H. C. Engelking
against August Mertens.  Judgment for de-
fendant, and plaintiff appeals.  Affirmed.

Walter Weaver and L. Broeter, both of
Alice, for appellant.  W. R. Perkins, of Alice,
and C. C. Forry, of Brownsville, for appellee.

SWEARINGEN, J.  H. C. Engelking, the
appellant, brought this suit in the statutory
form of trespass to try title, against August
Mertens to recover lots Nos. 25, 26, 27, 28, 29,
and 30 in block 69 in the town of Premont in
Jim Wells county, Tex.  August Mertens
answered, "Not guilty."  Special issues were
submitted to a jury, and judgment rendered
in favor of appellee.

The facts which we consider of controlling
influence are these:  In 1909, R. P. Haldeman
owned the property in controversy.  There-
after, in 1909, he executed a mortgage in the
form of a deed to secure the payment of an
indebtedness evidenced by notes amounting
to $38,184, in which mortgage this property
was included.  Thereafter, in 1912, August
Mertens acquired the said property, entered
into immediate possession thereof as his
home, and made improvements that increased
the value of same by $3,000.  Mertens con-
tinued to use the same as his homestead for
about seven years prior to the trial of this
cause.  For the purpose of releasing from the
Scott mortgage certain described properties,
including the lots here sued for, the heirs of
G. R. Scott, in 1915, with the approval and con-
sent of R. P. Haldeman and the various pur-
chasers of lots in the town of Premont acting
through a committee of which appellant was
chairman, executed an instrument in the
form of a deed to M. H. Meyers.  Meyers
had no personal interest in the said convey-
ance, but received same to enable him as

trustee to release to each lot holder the prop-
erty each had acquired.  H. C. Engelking,
for the purpose of enabling him to collect a
prior debt claimed by him from Mertens for
lumber sold, induced, by fraudulent repre-
sentations, the said Meyers to release to
Engelking the property which had been ac-
quired by Mertens.  This release by the trus-
tee, Meyers, was in the form of a deed to H.
C. Engelking.  Appellant knew the deed to
Scott was a mortgage and that the deed to
Meyers was for the purpose of releasing the
mortgage lien held by G. R. Scott.

Appellant's two assignments complain that
the judgment was error because the evidence
showed a legal title in him from a common
source, superior to the right of appellee.  A
number of pertinent propositions are present-
ed.

We think both of the assignments should be
overruled, because there is sufficient evidence
to support the conclusion that the instrument
executed by R. P. Haldeman to G. R. Scott
was a mortgage.  W. N. Seymour, a witness
for appellant, testified:

The Texas Gulf Coast Company, in which
name R. P. Haldeman had made contracts with
purchasers, "could not meet" his "obligations,
so far as delivering deeds to the town site is con-
cerned.  Parties who had built their homes on
lots that had been designated  *  *  *  had no
deed.  The town site was mortgaged; the mort-
gage was held by the Scott estate.  In order to
secure deeds for these properties, the mortgage
had to be satisfied.  A committee was appointed
by these lot certificate holders to see if some-
thing could not be done to protect their homes."

Appellant was chairman of this committee.

W. H. Meyers, who executed the release in
the form of a deed to appellant, testified:

"Ella D. Scott, Lucille S. Pope, and W. E.
Pope  *  *  *  had held this (Mertens' home)
and other property amounting to about 1,500
acres as security for notes signed by Mr. R. P.
Haldeman, and agreed to release and convey cer-
tain lots to me upon payment of $8,250, and this
understanding was satisfactory to them (the lot
holders) after they were informed of the purpose
and plans of the lot distribution."

[1] This mortgage was never foreclosed
or changed into a title, but remained a mort-
gage.  The evidence further shows that G. R.
Scott died leaving an estate and indicates who
were his heirs, but fails to show that there
was no administration upon his estate, and
also fails to show that there was no necessity
for an administration.  From the evidence,
therefore, the conveyance by the heirs of
G. R. Scott to Meyers is not proven to have
passed any right whatever.  Laas v. Seidel,
95 Tex. 442, 67 S. W. 1015;  Modern Wood-
men of America v. Yanowsky, 187 S. W. 728.
However, conceding for the moment that this
conveyance did pass some right in and to
the property described therein, a part of
which were the lots in controversy, the evi-
dence shows that this instrument was made
by a mortgagee and not an owner of the fee,
and the most that Meyers obtained was the
right and obligation to execute releases in the
form of deeds of the various properties to the

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

owners thereof upon the receipt of $8.50 per lot regardless of improvements that may have been made upon the properties. The evidence further shows that Meyers, authorized, by the instrument received by him, to release the property to the owners, through misrepresentations made to him by H. C. Engelking, executed a release, in the form of a deed, to H. C. Engelking to Mertens' homestead; Meyers, the grantor, believing and intending that Mertens would by said instrument have his property released from the G. R. Scott mortgage.

[2, 3] In this trespass to try title suit it was incumbent upon the plaintiff to recover upon the strength of his own title. The evidence shows that appellant received no title, but, at most, only such right as might accrue to him by reason of having, without request, liquidated the amount of a mortgage debt against the home of Mertens. If appellant acquired any right whatever by the instrument from Meyers, it certainly was not the fee, but only the right of a mortgagee. This right will not avail appellant in this form of suit. Zamora v. Vela, 202 S. W. 215 (not yet officially reported); Hume v. Le Compte, 142 S. W. 934; Loving v. Milliken, 59 Tex. 425.

The judgment is affirmed.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes