**DE PROY et al. v. PROGAKIS. (No. 10464.)\***

(Court of Civil Appeals of Texas. Fort Worth.
Dec. 22, 1923. Rehearing Denied
Jan. 26, 1924.)

**1. Appeal and error ☞396—In proceeding by writ of error, notice of appeal not jurisdictional prerequisite.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2084, 2085, while on an appeal to the Court of Civil Appeals notice of appeal is a jurisdictional requirement, it is not necessary to vest the appellate court with jurisdiction of a proceeding by writ of error.

**2. Appeal and error ☞392—Objection to sufficiency of bond held waived.**

Under Court of Civil Appeals rules, rule 8, objection to a writ of error bond which, though not strictly in compliance with the statute, is sufficient to give the court jurisdiction, is waived by failure to present it by motion within 30 days after the transcript is filed, and cannot be first urged on submission of the cause on the merits.

**3. Appeal and error ☞281(1)—Only fundamental error reviewable in absence of motion for new trial.**

In the absence of any motion for a new trial in the lower court, the only questions reviewable are questions of fundamental error.

**4. Frauds, statute of ☞152(1), 157—Defense must be pleaded or used as basis of objection to testimony.**

For one to avail himself of the benefits of the statute, he must invoke it by proper pleadings, or must object to testimony when offered to prove a contract in violation thereof.

**5. Frauds, statute of ☞144—Defense of may be waived.**

A defense based on the statute may be waived.

**6. Frauds, statute of ☞144—Judgment based on contract within statute not fundamentally erroneous if statute waived.**

Where a defense based on the statute of frauds has been waived, a judgment based on a contract prohibited by that statute is not fundamentally erroneous.

**7. Frauds, statute of ☞152(1), 157—Defense may be urged by special exception, special plea, or by objection to testimony.**

The defense of the statute may be urged either by special exception or by special plea, or by objection to testimony offered to prove a contract in violation thereof.

**8. Appeal and error ☞173(6)—Defense held not available in appellate court.**

In a suit against the heirs of one deceased to recover an interest in realty alleged to have been acquired by contract with, deceased, the defense of the statute of frauds *held* not available in the appellate court where defendants had failed to bring their special exception to the attention of the court below, and had made no objection to the introduction of evidence tending to establish the contract.

**9. Frauds, statute of ☞56(9)—Statute held inapplicable to contract for joint enterprise to obtain title to land.**

The statute of frauds *held* not applicable to a contract for the joint acquisition of property by plaintiff and another in part with money and services furnished by plaintiff for that purpose.

**10. Descent and distribution ☞90(4)—Petition in action against heirs held sufficient without alleging lack of necessity for administration.**

Under Rev. St. art. 1837, providing, "in every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant," the petition in an action against the heirs only of one deceased to recover an undivided interest in realty, which alleged that no administrator had been appointed, *held* sufficient, as against a general demurrer, to support a judgment for plaintiff, though it contained no allegation that no administration of the estate was necessary.

**11. Pleading ☞48—Petition demurrable if fact necessary to recovery not pleaded nor inferable.**

If a fact necessary to be proved to sustain a recovery is neither alleged in the petition nor fairly inferable from facts alleged, a demurrer thereto must be sustained.

**12. Parties ☞84(4)—Demurrer held insufficient to raise question of absence of necessary party defendant.**

In a suit against the heirs of one deceased to recover an undivided interest in realty, a general demurrer to the petition *held* insufficient to present the contention that there was an absence of a necessary party defendant, especially where no ruling on that demurrer was invoked or made.

**13. Descent and distribution ☞90(5)—Effect stated of judgment in suit against heirs on administrator subsequently appointed.**

Where a suit was brought against the heirs only of one, deceased to recover an undivided interest in realty, *held*, that a judgment for plaintiff would not prejudice the rights of an administrator subsequently appointed as representative of creditors; he not being a party to the suit.

**14. Descent and distribution ☞90(5)—Judgment against heirs held unaffected by possibility of subsequent administration of estate.**

A judgment in a suit against the heirs only of one deceased to recover an undivided interest in realty, wherein no partition of the property was sought, *held* binding as between the parties thereto, though an administration of the estate subsequently became necessary because of the rights of creditors.

**15. Appeal and error ☞1151(3)—Modification of judgment held unwarranted.**

In an action against the heirs of one deceased to recover an undivided interest in restaurant property, where defendants recovered over against plaintiff a judgment for two items, one for $190 and one for $333.33, and where the jury found that decedent had at one

time loaned plaintiff $200, and that plaintiff had taken $290 from the cash drawer of the restaurant at different times, but made no mention as to what was included in the two items for which recovery was allowed, *held*, that the judgment would not be modified by increasing the $190 award to $290, since the difference between those amounts might have been included in the other item.

**16. Trial ⚖➙420—Overruling motion for instructed verdict held waived.**

Overruling of motion for an instructed verdict after introduction of plaintiff's evidence *held* not to present error where after such ruling plaintiff introduced additional testimony, and the sufficiency of his evidence as thus supplemented was not thereafter challenged.

### On Motion for Rehearing.

**17. Appeal and error ⚖➙901—Incumbent on plaintiffs in error to point out error in judgment attacked.**

It is incumbent on plaintiffs in error to point out and show error in the judgment attacked.

**18. Appeal and error ⚖➙662(2)—Recitals in judgment presumed true.**

Recitals in a judgment must be taken as true by the appellate court in the absence of some showing to the contrary.

**19. Appeal and error ⚖➙719(1)—Defects in process not noticed, in absence of assignment of error.**

In the absence of an assignment of error, the court will not notice a want of proper service of process or defects in process or in the service or return thereof.

**20. Appeal and error ⚖➙835(2)—Assignments of error first urged on motion for rehearing not considered because held not to show fundamental error.**

Where the judgment in an action against minor and another recited that "plaintiff and defendants appeared in person and by attorney, and all parties announced ready for trial," and after reciting receipt by the court of the verdict and answer to special issue continued, "It further appearing * * * that necessity exists for the appointment of a guardian ad litem and the court appointed B. to act as guardian ad litem for said minor in the trial of this cause, and who did so appear and represent said minor in the trial hereof," new assignments of error first presented on motion for rehearing in that the minor defendant was not personally served with citation to answer plaintiff's petition, that no guardian ad litem was appointed, nor requested by plaintiff, nor appearance made by any guardian ad litem, until after final judgment was rendered, *held* not to present fundamental error which could be urged on such motion, in view of Rev. St. arts. 2110, 2113, and presumptions in favor of the judgment.

**21. Appeal and error ⚖➙835(2)—Ordinarily new assignments of error not available on motion for rehearing.**

As a general rule assignments of error not presented on original hearing cannot be urged on motion for rehearing.

Error from District Court, Wichita County; R. Wilson, Judge.

Action by A. D. Progakis against Ogda De Proy and another. Judgment for plaintiff, and defendants bring error. Affirmed.

W. D. Cardwell and H. G. Bennett, both of Burkburnett, for plaintiffs in error.

Bonner, Bonner & Sanford, of Wichita Falls, filed motion for rehearing and application for writ of error on behalf of plaintiffs in error.

Wayne Somerville, B. Y. Cummings, and C. C. McDonald, all of Wichita Falls, for defendant in error.

DUNKLIN, J. This suit has been brought to this court by writ of error proceedings from the district court of Wichita county. The writ of error was sued out by Ogda De Proy and August De Proy, widow and son, respectively, of John De Proy, deceased. They were defendants in the trial court, and will hereinafter be designated as defendants. August D. Progakis was plaintiff in the trial court, and will hereinafter be referred to as plaintiff. By this proceeding the defendants seek a reversal of the judgment rendered against them in plaintiff's favor for recovery of an undivided one-third interest in a certain lot situated in the city of Burkburnett, together with an undivided one-third interest in a building and the fixtures, furniture, and merchandise contained therein, and used in the conduct of a restaurant business, all situated on said lot. The case was tried before a jury, and the judgment was based on their findings of fact. The defendants filed no motion for a new trial and gave no notice of appeal from the judgment of the trial court.

[1] The plaintiff presents the contention that this court is without jurisdiction by reason of the fact that the defendants did not give notice of appeal. It is well settled by decisions of this state that notice of appeal is a jurisdictional requirement whenever a case is brought to a Court of Civil Appeals by an appeal, as contradistinguished from a writ of error proceeding. Articles 2084 and 2085, V. S. Tex. Civ. Statutes; Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Beaumont v. Newsome (Tex. Civ. App.) 139 S. W. 615; McMillen v. White House Lumber Co. (Tex. Civ. App.) 149 S. W. 734; Goldman v. Broyles (Tex. Civ. App.) 141 S. W. 283. But the giving of a notice of appeal in the trial court is not necessary to vest the appellate court with jurisdiction of a proceeding by writ of error. Such was the holding of the Court of Civil Appeals of the Seventh District in the case of McPhaul v. Byrd, 174 S. W. 644, in an opinion written by Chief Justice Huff, which we think sound, and which seems never to have been overruled. Article 2084 of the statutes specifically requires notice of appeal to be given in open court within two days after final judgment, or after motion for rehearing is overruled, as a requirement in order to per-

fect the appeal; but there is no statute specifically requiring such notice of appeal to be given in order to perfect a writ of error. If the statute were otherwise, then no writ of error would lie to a judgment against a defendant who had been cast in the suit without due service and without notice thereof until after the term of court had adjourned. Furthermore, in the case of Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945, it is pointed out that the purpose of the requirement of notice of appeal, as provided in article 2084, is to apprise the opposing party that an appeal may be expected, and it is intimated in that opinion that probably the giving of notice of appeal would not be held to be a jurisdictional requirement, if the opposing party had notice of such appeal by the service of a statutory citation.

[2] Plaintiff also suggests that the proceeding should be, dismissed for lack of a sufficient writ of error bond, in that the one filed does not contain a condition that defendants in error will answer for the rents and revenues of the property recovered by plaintiff, in the event judgment of this court and of the Supreme Court should be adverse to them. That point is not well taken, for the reason that it comes too late, being urged for the first time on the submission of the cause upon its merits. Even though the appeal bond is not strictly in compliance with the statutes, it is sufficient to give this court jurisdiction, and the objection to it now made was waived by the failure to present it by a motion within 30 days after the transcript was filed in this court, as required by rule 8 of the Rules of the Courts of Civil Appeals, 142 S. W. xi.

[3] In the absence of any motion for a new trial in the lower court, the only questions which can be raised are questions of fundamental error.

Article 3965, Rev. Statutes, the same being our statute of frauds, was made the basis of a special exception to plaintiff's petition by defendants presenting the contention that the petition showed on its face that plaintiff was seeking to enforce a parol contract for the sale of real estate, which was in violation of that statute. The defendants also presented a general demurrer to the petition. Assignments of error have been presented to the alleged action of the court in overruling the general demurrer and the special exception to plaintiff's petition. The record does not show such rulings by the trial court. Not only is there an absence of a showing of any such rulings, but the record also fails to show that either the general demurrer or the special exception was ever called to the court's attention.

There is no assignment of error in the record presenting the specific contention that the plaintiff's petition was insufficient to serve as a basis for the judgment rendered in plaintiff's favor, but the argument is made in defendant's brief that the petition is insufficient to support the judgment: First, because it shows on its face that the contract which plaintiff alleged he made with John De Proy, deceased, who was the husband of Ogda De Proy and father of August De Proy, defendants, and upon which a recovery was sought for an interest in real estate, was in parol, and therefore void because in violation of the statute of frauds; second, because the petition shows that the suit was against the heirs of John De Proy, deceased, and the plaintiff's petition contains no allegation that there had been no administration on the estate of John De Proy, and there was no necessity therefor.

[4-9] Apart from the question whether or not the assignments of error referred to are sufficient to serve as a proper basis for those contentions, in view of rules 23, 24, and 25 for the Courts of Civil Appeals, it is well settled that, in order for one to avail himself of the benefits of the statute of frauds, he must invoke it by proper pleadings, or must object to testimony, when offered to prove a contract, which is in violation of the statute of frauds. In other words, a defense based on the statute of frauds may be waived, and if waived, a judgment, based upon a contract which is prohibited by the statute of frauds is not fundamentally erroneous by reason of that fact. The defense of the statute of frauds may be urged in the defendant's pleadings either by special exception or by special plea or by objection to testimony. Since the special exception was not called to the trial court's attention, it must be considered as having been waived, and therefore that exception is of no avail to defendants on this appeal. Hence appellants are in no position to complain of the judgment of the court on the alleged ground that the petition showed on its face that the contract, made the basis of plaintiff's suit for an interest in the real estate was in parol, and therefore in violation of the statute of frauds. And in this connection it is to be noted further that no assignment is presented showing that any objection was made by the defendants to the evidence introduced to establish the contract sued on by the plaintiff, on the ground that it was in violation of the statute of frauds. Nor do we believe that it appears from the petition that the contract was in parol. Furthermore, the alleged contract was for the joint acquisition of the property by plaintiff and John De Proy, in part, with money and services furnished by plaintiff for that purpose, and under those circumstances the statute of frauds was not applicable. Gardner v. Randell, 70 Tex. 453, 7 S. W. 781; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474; Hammons v. Clover, 59 Tex. Civ. App. 610, 127 S. W. 889.

[10] In the argument presented under the assignments of error referred to above, appellants insist that the plaintiff's petition was subject to a general demurrer, and therefore insufficient to support the judgment in plaintiff's favor because of the absence of any allegation that there had been no administration on the estate of John De Proy, deceased, and that there was no necessity therefor. The petition did contain the allegation that John De Proy had died, leaving the defendants as his only heirs, and that no administrator had been appointed for his estate, but did not contain any allegation to the effect that there was no necessity for an administration. Furthermore, the petition alleged that John De Proy died March 18, 1922, and this suit was instituted November 4, 1922. Appellants have cited the following decisions to support their contention: Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Modern Woodmen of America v. Yanowsky (Tex. Civ. App.) 187 S. W. 728; Freeman v. Klaerner (Tex. Civ. App.) 190 S. W. 543; Engelking v. Mertens (Tex. Civ. App.) 202 S. W. 777.

[11] The leading case cited, Laas v. Seidel, was a suit to collect $300 of a $500 promissory note, payable to a decedent, that portion of the note having been bequeathed to the plaintiff's wife by the last will of the decedent. A general demurrer to the petition was presented and overruled, and the Supreme Court held that, as against that demurrer, plaintiff's petition was insufficient to support a recovery by reason of the absence of any allegation that there had been no administration upon the estate and no necessity therefor. In the opinion in that case the decision in Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640, is cited as decisive of the question, and in the latter case certain exceptions to that rule are pointed out, such as announced in Walker v. Abercrombie, 61 Tex. 69, and to which might be added Webster v. Willis, 56 Tex. 468, and McCampbell v. Henderson, 50 Tex. 601, but none of these exceptions obtain in the present suit. Richardson v. Vaughan was also an action by heirs of John P. Richardson, deceased, to recover a debt due his estate. All the other cases noted above likewise involved efforts by heirs of decedents to collect claims due the estates, except the case of Midland Ry. Co. v. Midland Mercantile Co. (Tex. Civ. App.) 216 S. W. 628, in which no estate of a deceased person was interested, and the decision in Laas v. Seidel was cited solely on the general proposition that, "if a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition, nor fairly inferable from facts alleged," a demurrer to the petition must be sustained.

That rule of decisions follows logically from our probate statutes providing for the appointment of executors or administrators of estates of decedents, when necessary, and vesting in them title to all assets of the estate as the legal representatives of the creditors and all other persons interested in the estate, for the purpose of settling the debts owing by the estate and collecting those due it. Article 3435 of those statutes requires "every claim for money against a testator or intestate" to be presented to the executor or administrator within 12 months after the grant of letters testamentary or of administration. Those decisions and the statute just cited are applicable to the second count in plaintiff's petition in the present suit, in which count plaintiff sought, in the alternative, to recover for a debt incurred by the decedent to plaintiff, in the event he could not recover on the first count for an interest in realty. However, as he did not recover on this second count, the same may be treated as surplusage on this appeal. But those decisions have no proper application to the first count in plaintiff's petition, which was not a suit against the heirs of John De Proy, deceased, to collect a debt incurred by him, but was a suit against those heirs for the recovery of an interest in real estate, which, according to allegations, the deceased did not own at the date of his death, and which therefore was no part of his estate.

Article 1837 of our Revised Civil Statutes is as follows:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

[12-14] In the first count of plaintiff's petition, the heirs of John De Proy, deceased, were made parties defendant, and it was alleged that no administrator had been appointed. The statute just quoted did not require an allegation of no necessity for administration if no legal representative of the estate has been appointed. According to the terms of the statute, the heirs are the only necessary parties defendant if there be no legal representative. The purpose of our probate laws is mainly for the protection of creditors and the widow, heirs, and devisees of the decedent. So far as this record shows, the creditors of the decedent, if there be such, are the only persons, other than the heirs, who could possibly be interested in contesting plaintiff's suit to recover the realty, and they could act only through an administrator, if one were appointed. If defendants, the heirs of the decedent, had seen fit to do so, perhaps they could have presented a plea for the abatement of the suit until an administrator could be appointed, upon a showing that there was a necessity therefor, in order to make a necessary party. But neither in their pleadings to the merits nor by plea in abatement did they make any allegations that there were creditors of the

estate; and the general demurrer to the petition was insufficient to present the contention that there was an absence of a necessary party defendant, especially as no ruling was invoked or made on that demurrer. Furthermore, the appointment of an administrator, if necessity therefor exists, was not required in order to protect the rights of the defendants to the land sued for. If an administrator be hereafter appointed, he, as representative of creditors, will not be prejudiced by the judgment rendered in plaintiff's behalf, because not a party to this suit. It does not appear from the record that there are creditors of the estate or that the necessity for an administration will ever arise; but, if it does, that fact will not prevent the judgment in plaintiff's favor from being valid and binding as between the parties to this suit, since no partition of the property was sought. Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134. It would have been otherwise if a partition had been prayed for. Article 6097, Rev. Statutes; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240; Boone v. Knox, 80 Tex. 642, 16 S. W. 448, 26 Am. St. Rep. 767. Moreover, defendants recovered a judgment over against plaintiff for $190.00 plus $333.-33, and they are complaining that the same was less than 'it should have been. Plaintiff has not appealed from that recovery. It would seem that, if the court had jurisdiction to grant defendants that relief for debts owing by plaintiff to the decedent, plaintiff also was entitled to be heard on the first count in his petition without alleging that there was no necessity for an administration.

[15] The jury found that the decedent loaned plaintiff $200 at one time for his personal use, and that plaintiff took from the cash drawer of the restaurant 50 cents per day for a period of time amounting to 580 days, which would amount to $290. The items for which defendants were awarded judgment were $190 and $333.33, with no mention as to what those items covered, and there was no finding by the jury of any item of $333.33. Under such circumstances, we overrule the contention of defendants that the item in the judgment of $190 should have been $290, since the difference between, those amounts may have been included in the other item for which judgment was rendered.

[16] Complaint is made of the refusal of the trial court to instruct a verdict for the defendants in compliance with defendants' motion, made after plaintiff had first introduced evidence and rested his case. The ground of the motion was the contention that plaintiff's evidence up to that time was insufficient to warrant a recovery of the realty sued for. We are not prepared to say that that ruling was erroneous; but, however that may be, after the motion was overruled plaintiff introduced other testimony tending to support such a recovery, and no assignment is presented challenging the sufficiency of his evidence thus supplemented to support the recovery awarded in his favor. This assignment is overruled, irrespective of the question as to whether or not that contention can be urged as fundamental error, in the absence of a motion for new trial in the court below.

For the reasons noted, the judgment of the trial court is affirmed.

## On Motion for Rehearing.

Plaintiffs in error, Mrs. Ogda De Proy and August De Proy, have filed a motion for rehearing in which it is stated that in the opinion of counsel representing them the questions discussed upon original hearing were correctly determined in every material respect. But in their motion for rehearing they now for the first time present new assignments of error, substantially to the effect that the judgment of the trial court should be reversed, because, as alleged in the motion: First, the defendant August De Proy was a minor, and was not personally served with citation to answer plaintiff's petition; second, the court did not appoint a guardian ad litem to represent him prior to the trial of the cause; third, that no pleadings were filed by the plaintiff requesting a guardian ad litem to be appointed to represent him; fourth, that no appearance whatever of any character was made for the minor by any guardian ad litem until after final judgment was rendered.

[17-21] None of those objections were presented in any assignment of error filed by counsel prior to the original hearing, nor referred to or discussed in any manner in briefs filed in this court on behalf of plaintiffs in error, upon which the case was originally submitted. After mature consideration of the motion and of the authorities cited in support thereof, we have reached the conclusion that the new assignments now presented have been presented too late for determination on their merits.

The transcript filed does not contain any showing of the issuance of service of citation upon either of the defendants, but the judgment contains these recitals:

"On this the 27th day of June, A. D. 1922,. the above entitled and numbered cause came on for trial, and the plaintiff and defendants appeared in person and by attorney and all parties announced ready for ‚trial."

Then follow recitals to the effect that a jury was impaneled who heard the pleadings, evidence, and argument of counsel, and returned findings on special issues submitted to them by the court. After setting out the verdict of the jury, the judgment contains these further recitals:

"Which said verdict and answer to said special issues were received by the court; it further appearing to the court that the defendant August De Proy is a minor under the age of 21 years; that necessity exists for the appointment of a guardian ad litem, and the court appointed —— Bennett to act as guardian ad litem for said minor in the trial of this cause, and who did so appear and represent said minor in the trial hereof."

Article 2110, Rev. Statutes, reads as follows:

"If the pleadings or the judgment show an appearance of the defendant, in person or by attorney, the citation and returns shall not be copied into the transcript."

Article 2113 reads as follows:

"The transcript shall, in all cases, contain a copy of the final judgment, notice of appeal, petition for writ of error and citation in error, with return of service thereon, bond on appeal or writ of error, or affidavit in lieu thereof, and assignments of error or such of them as there may be, and also a copy from the fee book of all the costs that have accrued in the cause."

No supplemental transcript has been brought up by plaintiffs in error to prove the allegations contained in their motion for rehearing, and recited above; but it is insisted that, in order to sustain the judgment against the minor defendant, August De Proy, the record should affirmatively show personal service of citation on him, and that a guardian ad litem was appointed to represent him prior to the trial of the cause. In the absence of some showing to the contrary, it is incumbent upon plaintiffs in error to point out and show error in the judgment rendered. The judgment itself is regular on its face, and even though the transcript does not show an order of the court appointing a guardian ad litem prior to the trial of the cause, that would be an irregularity only if, as recited in the judgment, a guardian ad litem had been appointed who did appear and represent the minor upon the trial of the cause. And the same may be said of the failure of plaintiff to allege in his petition the minority of August De Proy, coupled with a prayer for appointment of a guardian ad litem to represent him, if one was appointed. The recitals in the judgment must be taken as true in the absence of some showing to the contrary. The transcript is in conformity with statutory requirements, and it is not apparent on the face of the record that the minor defendant was not served with citation, nor that he was not represented by a guardian ad litem theretofore appointed, nor that manifest injustice was done him by the judgment rendered on the merits of the case.

Several decisions are cited in the motion for rehearing, such as National Ben Franklin Fire Ins. Co. v. Scott (Tex. Civ. App.) 214 S. W. 604; Cereal Co. v. Earnest (Tex. Civ. App.)

259 S.W.—40

87 S. W. 734; Piano & Organ Co. v. Anderson, 97 Tex. 432, 79 S. W. 516; Kremer v. Haynie, 67 Tex. 450, 3 S. W. 676. In all of those cases it was made to appear affirmatively that service on the defendants was insufficient and judgments were reversed by reason of that holding, and the judgments in the first two cases were by default.

The case of Sprague v. Haines, 68 Tex. 215, 4 S. W. 371, was a suit against a widow and her minor children, all of whom resided in the state of Pennsylvania, to specifically enforce a parol contract on the part of the decedent, through whom the defendants claimed, to convey interest in real estate, and it was held that the alleged contract could not be enforced because in contravention of the statute of frauds. In the concluding part of the opinion, the following is said:

"It is to be remarked that the petition prays citation against the defendants, but no writs or service appear in the record. The service of process upon the minors is essential in order to confer jurisdiction upon the court and to authorize the appointment of a guardian ad litem. The record upon appeal should show that they have been duly served."

But it is apparent that that point was raised in appellant's brief, and that that remark was made by way of suggestion in view of another trial, the judgment having been reversed for the reason that the contract sued on could not be enforced.

In Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639, and Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567, it was held that a separate and independent action can be maintained to set aside a judgment by showing that a minor defendant, against whom a judgment was rendered, was not served with citation, or was not represented by a guardian ad litem appointed by the court, although it was further held that such a judgment would not be void by reason of those facts, but voidable only. Both of those suits were of that character, and in the latter case it was further held that advantage may be taken of those facts by appeal if they appear upon the face of the record. In the Alston v. Emmerson Case, supra, the decisions in Kremer v. Haynie, 67 Tex. 451, 3 S. W. 676, and Sprague v. Haines, 68 Tex. 218, 4 S. W. 371, were construed as holding that the judgments in controversy were only voidable and not void as therein announced, for the reasons therein discussed.

In 3 Corpus Juris, p. 1335, par. 1468, the following is said:

"It has also been held that, in the absence of an assignment of error, the court will not notice a want of proper service of process or defects in process or in the service or return thereof."

In the same work, page 1342, par. 1482, the following is said:

"In a number of jurisdictions, either by reason of an express exception in the statute or rule of court, or because the court has discretion in the matter, the appellate court will notice plain errors, or errors which are fundamental and apparent upon the face of the record. It has been held that the exception in the Texas statute in the case of 'an error of law, apparent upon the face of the record,' does not mean every error which can be ascertained by looking into the record, but means that it must be 'a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily,' or, as otherwise expressed, 'such manifest error as when removed destroys the foundation of the judgment'; and, as a rule, an alleged error which depends upon an examination of the evidence or upon a mixed question of law and fact, and which requires an examination of the whole record, including the pleadings and the evidence or statement of facts, is not a fundamental error of law apparent on the record which must be considered without being assigned."

In a note to that text, a number of Texas decisions are cited, including Houston Oil Co., v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. In the opinion rendered in that case, the following is said:

"Article 1014, Revised Statutes, contains this provision: 'In all cases of appeal or writ of error to the Court of Civil Appeals the trial shall be on statements of facts, * * * or on an error in law, either assigned or apparent on the face of the record.' Does the assignment here presented come within the terms of the statute; that is, is it apparent upon the face of the record?

"Webster defines the word 'apparent' thus: 'Clear, or manifest to the understanding; plain; evident, obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all. Nothing can be considered as an error which cannot be made apparent by an examination of the record; therefore, the language of the statute must be given that construction which will make it consistent with its requirements in other respects. The language, 'apparent upon the face of the record,' indicates that it is to be seen upon looking at the face of the record, that is, the assignment itself, the fact pointed out by it must show a good and sufficient ground for the court to interfere to prevent injustice being done to one of the parties. Perhaps the best expression is that it must be a fundamental error, such error as being readily seen lies at the base and foundation of the proceeding and affects the judgment necessarily. Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Fuqua v. Brewing Co., 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241; Harris v. Petty, 66 Tex. 514, 1 S. W. 525."

Applying the test laid down in that decision, we cannot say that the new assignments, on which the motion for rehearing is based, point out any fundamental error in the judgment.

In 3 Corpus Juris, p. 1404, the following is said:

"The general rule is well settled that errors operating against appellee or defendant in error will not be considered unless duly assigned; this is so, although appellee's bill of exceptions is otherwise properly in the record, and although cross-errors not assigned are argued or discussed in the brief. By failing to assign cross-errors appellee or defendant in error is estopped from complaining thereof. * * * Nevertheless the rule is not of universal application. It has been held that the rule does not apply where appellee is entitled to a judgment on the face of the record, or where an appellee has shown himself on the whole case entitled to an instructed verdict which was denied."

It is also a general rule that in a motion for rehearing no new assignments can be urged which were not presented on the original hearing. 4 Corpus Juris, p. 629, par. 2495, reads:

"A party asking for a rehearing will not be permitted to set up new grounds in support of his petition different from those urged by him at the original hearing, and this rule will be departed from only in cases where the refusal of the application would work manifest injustice, where the circumstances are exceptional, where the question presented is jurisdictional, or where the error appearing on the face of the appeal record is brought to the attention of the appellate court before its judgment has become final. Points which have been waived on the hearing, either expressly or by implication, will not be considered on a petition for a rehearing. The reasons against granting a rehearing in such cases apply with particular force where the matters suggested are such as might have been raised on the original hearing in the appellate court, or where they ought to have been urged in the trial court before the appeal was taken. The court will not consider whether the original judgment was appealable, whether the appeal was properly perfected, or whether the parties have complied with the rules of practice prescribed by the court, where these questions are presented for the first time by the petition for a rehearing."

Many authorities from different states, including decisions from this state, are cited to support the text. One of the cases cited, Micou v. Tallassee Bridge Co., 47 Ala. 652, expressly holds that the question of sufficiency of service of process on minor defendants could not be raised for the first time by motion for rehearing; and in O'Neil v. Sun Co., 58 Tex. Civ. App. 167, 123 S. W. 172, writ of error denied by the Supreme Court, the following is said in disposing of the motion for rehearing:

"The court, after a decision of the case on appeal, should not, and therefore it declines to, entertain cross-assignments of error not properly before the court for consideration prior to its decision."

The following is taken from the syllabus in the decision of Autrey v. Collins (Tex. Civ. App.) 161 S. W. 413:

"An objection to an instruction, in an action for libel, that it erroneously submitted certain publications as a ground for recovery because the petition did not justify such submission cannot be first raised in a motion for rehearing on appeal."

Other Texas decisions, and decisions from other states, are of like effect. And in Rikhoff v. Brown's Rotary Shuttle Machine Co., 68 Ind. 388, it is held that questions as to the sufficiency of the pleadings in the court below to support the judgment cannot be raised for the first time on motion for rehearing.

For the reasons noted, the motion for rehearing is overruled.