Opinion delivered May 3, 1887.

## No. 5851.

## MAGGIE SPRAGUE ET AL. *v.* J. B. HAINES.

1. STATUTE OF FRAUDS—CASE OVERRULED.— The case of Anderson v. Powers, 59 Texas, 213, in so far as it sustained a parol agreement as not being within the operation of the statute of frauds, under the facts presented in that case, overruled.

---

Opinion of the court.

---

2. STATUTE OF FRAUDS.—The words "any contract for the sale of real estate" (Revised Statutes, article 2464), include every agreement by which one promises to alienate an existing interest in land upon consideration either good or valuable; hence a contract to convey land, in consideration of labor or services to be rendered, is within the statute, and every parol contract, in whatever shape it may be put, by which either party is to part with real estate, is unavailing as the ground of a claim.

3. STATUTE OF FRAUDS.—A parol contract made between an attorney and his client, whereby the former was to receive, in consideration of professional services to be rendered in removing cloud from title to land then owned by his client, a part of the land, was within the statute of frauds, and specific performance thereof can not be enforced.

4. JURISDICTION—SERVICE OF CITATION.—The service of citation upon a minor defendant is essential in order to confer jurisdiction upon the court and to authorize the appointment of a guardian *ad litem.*

APPEAL from Coleman. Tried below before the Hon. T. B. Wheeler.

*J. C. Randolph,* for appellants.

No briefs on file for appellee.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit in the court below against appellants as the heirs of W. P. Sprague, deceased, and alleged, in substance, that appellants' ancestor employed him to remove clouds from the title to the lands described in the petition, and agreed to convey to plaintiff, when such services were performed, one-half of the lands to which the title was made clear.

The petition averred that the contract was by parol, and that plaintiff had complied with the agreement on his part by clearing up the title to an undivided half interest in the land described, and prayed for a specific performance by decreeing to him one-half of the said W. P. Sprague's half of the lands, or one-fourth of the whole; and in case that this could not be done, that plaintiff should have judgment for the value of his services. The plaintiff recovered judgment in the court below for an undivided one-fourth of three of the tracts described in the petition.

The leading question presented by the record is whether or not the contract declared on is within the statute of frauds. In Anderson v. Powers, 59 Texas, 213, a similar agreement was upheld as not being subject to the rule declared in that statute;

but, after a careful consideration of the question, we are of the opinion that the correctness of the ruling as applied to the facts of that case can not be maintained. The court there say that "the title was neither in the appellee nor her husband, but in third parties, and the agreement was not a contract for the sale of the real estate, but was an agreement for its recovery for her by the appellant, in consideration of which he was to receive a certain portion of the land recovered." But, if the appellee in that case had no title to the land, it is not seen how she recovered it in a suit in a court of justice.

The principle invoked, though, as we think, not decisive of the question then before the court, has been frequently applied by this court, but to a very different class of cases. A contract by which one agrees to locate a land certificate belonging to another upon public domain and to obtain a patent to the land so located, in consideration of a promise of the latter to convey him a part of the premises when the title is obtained, is held to be a contract for the joint acquisition of land, and not for its sale, and hence not within the statute of frauds. (Gibbons v. Bell, 45 Texas, 418; Evans v. Hardeman, 15 Texas, 480; Watkins v. Gilkerson, 10 Texas, 340; Smith v. Crosby, 47 Texas, 121.)

So an agreement by one to convey to another one-half of the land the former should acquire, by virtue of his removal from another State and settlement in Peters's colony, in consideration of the latter's moving him and his wife to this State, was held to be enforcible, though not in writing. (Miller v. Roberts, 18 Texas, 16.) In none of the cases cited did the parties who subsequently acquired the legal title by patent from the State have any interest in the land at the time of the contract. They were all contracts for a joint enterprise to obtain title to land, in which the one party contributed his right to acquire land from the State, and the other his services in furtherance of the common undertaking.

The words "any contract for the sale of real estate," as used in the statute, include every agreement by which one promises to alienate an existing interest in land upon a consideration either good or valuable. It is accordingly held, in a number of cases, that a contract to convey land in consideration of labor or services to be rendered, is within the statute. (Dowling v. McKenney, 124 Mass., 478; Baxter v. Kitch, 37 Ind., 554; Burlingame v. Burlingame, 7 Conn., 92; Helm v. Logan, 4 Bibb, 78; Jack v. McKee, 9 Penn. St., 235.) The law is thus stated in Browne on

the Statute of Fraud, section 263: "The effect of the provision, as expounded by the courts, is to render unavailing to the parties as the ground of a claim any [parol] contract, in whatever shape it may be put, by which either of them is to part with real estate." (See also 3 Parsons on Contracts, third edition, p. 38; Wood on Statute of Frauds, 405.) In Aiken v. Hale & McDonald (1 Posey's Unreported Cases, 318), the Commissioners of Appeal, in a well considered opinion, held a contract, identical in principle to that under consideration, incapable of enforcement because it was not in writing. We think these authorities conclusive upon the proposition that the contract sued upon in this case can not be enforced.

If the facts be as alleged in plaintiff's petition, he is entitled to recover for his money expended and the reasonable value of his services in a proper forum. All parties live in the State of Pennsylvania, and it may be doubted whether a judgment can be had against the minors without personal service, in this State, unless an attachment be sued out and levied upon property to satisfy any judgment that may be rendered. The widow, having appeared by counsel and answered, is before the court for all purposes. No question of this character is raised in the case before us, and we do not think it proper to give any opinion in advance.

It is to be remarked that the petition prays citation against the defendants, but no writs or service appear in the record. The service of process upon the minors is essential in order to confer jurisdiction upon the court and to authorize the appointment of a guardian *ad litem.* The record upon appeal should show that they have been duly served.

The other question presented in appellant's brief may not arise upon another trial, and need not be considered.

Because the court below erred in giving appellee a judgment for the interest sued for by him in the land, the judgment is reversed and the cause remanded

*Reversed and remanded.*