### DE PROY et al. v. PROGAKIS.
### (No. 625—4140.)

(Commission of Appeals of Texas, Section A. Feb. 25, 1925.)

**1. Infants ⬤=78(1)—Minor can appear only as defendant by guardian ad litem duly appointed.**

A minor defendant can appear only by guardian ad litem appointed by the court.

**2. Infants ⬤=89—Citation and due service held indispensable to valid judgment.**

Citation to minor defendant, and proper service of same, *held* indispensable to·a valid judgment against him.

**3. Infants ⬤=115—Failure of record to show citation to minor held fundamental error.**

Failure of the record to show that minor defendant was duly served with citation *held* fundamental error warranting reversal.

**4. Infants ⬤=113—Jurisdiction not presumed from appointment of guardian ad litem.**

Jurisdiction of minor defendant will not be presumed because judgment shows appointment of guardian ad litem.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by August Progakis against Ogda De Proy and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (259 S. W. 620), and defendants bring error: Reversed and remanded.

Cardwell & Bennett, of Burkburnett, and Bonner, Bonner & Sanford, of Wichita Falls, for plaintiffs in error.

Wayne Somerville, C. C. McDonald, and B. Y. Cummings, all of Wichita Falls, for defendant in error.

CHAPMAN, J. August Progakis brought this suit in one of the district courts of Wichita county, against Ogda De Proy and August De Proy to recover an undivided one-half interest in an improved business lot in Wichita Falls, and asked for other relief not necessary to mention here. Progakis alleged that he was entitled to the relief prayed for by virtue of a contract between him and John De Proy, deceased, and that the defendants were the only heirs of John De

Proy. The plaintiff did not plead in what proportions the defendants claimed title to the lot. Plaintiff recovered an undivided one-third interest in the lot against both defendants, and was given other relief not necessary to mention. The record shows August De Proy to be a minor. No citation is shown to have been served on the minor, and no answer was filed for him. The only showing that the minor was properly before the court is the statement in the final judgment that defendants appeared in person and by attorney, and this further statement in the final judgment:

· "It further appearing to the court that the defendant, August Deproy, is a minor under the age of 21 years; that necessity exists for the appointment of a guardian ad litem, and the court appointed —— Bennett to act as guardian ad litem for said minor in the trial of this cause, and who did so appear and rep! resent said minor on the trial hereof."

Plaintiff in error, on motion for rehearing in the Court of Civil Appeals, for the first time raised the question that the record failed to show that the trial court had jurisdiction over the person of the minor in that it did not show that he was served with citation. This contention was overruled by the Court of Civil Appeals, and the judgment of the trial court affirmed. 259 S. W. 620.

[1-3] The minor could not appear in person nor by an attorney of his own selection, but could only appear by a guardian ad litem appointed by the court, then the only showing that the minor was properly before the court is the quoted extract from the final judgment, which does not state that the minor was served with citation. A judgment against a minor partakes of the nature of a judgment by default in that, in an ordinary judgment by default, the defendant does not appear in person nor by attorney, and ·in judgments against minors the minor cannot appear in ·person nor by attorney of his selection.

The law seems to be well settled that, on appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed for fundamental error, unless the record contains a citation showing due service thereof, even though the judgment contains a recital that defendant was duly served with citation. Blossman v. Letchford et al., 17 Tex. 647; Burditt v. Howth, 45 Tex. 466; Bates v. Casey & Swasey, 61 Tex. 592; Bomar v. Morris, 59 Tex. Civ. App. 378, 126 S. W. 663; Shook v. Laufer (Tex. Civ. App.) 84 S. W. 277; Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Glasscock v. Barnard, 58 Tex. Civ. App. 369, 125 S. W. 615; Mays & Mays v. Flattery (Tex. Civ. App.) 252 S. W. 860. We cannot see wherein it is more important that the record affirmatively show proper service of citation in a judgment by default than in a judgment against a minor.

[4] In this case there was only one way in which the court could acquire jurisdiction over the minor, and that was by proper service of citation on him, and unless the record affirmatively shows that such citation was had, then there would be no showing that the court had jurisdiction over him; and it would be fundamental error for the court to render judgment against him without such jurisdiction. The only way by which it may be said that the minor was served with citation would be to presume that he was served because a guardian ad litem was appointed and judgment was rendered against him, but no such presumptions can be indulged for the purpose of showing jurisdiction. In Kremer et al. v. Haynie, 67 Tex. 451, 3 S. W. 677, we quote as follows:

"Without entering into a discussion of all the objections to the service made upon the defendants, it is sufficient that three of them residing outside of the county where the suit was pending were not served with a copy of the petition as required by the statute. The citation directed service to be made by delivering a copy of the petition as well as of the writ, but the officer making the service delivered to each of the three defendants alluded to a copy of the writ only. Two of these defendants, viz., Frank and Eugene Evans, are alleged in the petition to have been minors, and a guardian ad litem was appointed for them by the court, who answered and represented them in the cause. But the court had no. authority to appoint a guardian ad litem for minors over whom the court had not acquired jurisdiction by service of process."

In Sprague v. Haines, 68 Tex. 215, 4 S. W. 371, the question under consideration was determined in these words:

"It is to be remarked that the petition prays citation against the defendants, but no writs or service appear in the record. The service of process upon the minors is essential in order to confer jurisdiction upon the court and to authorize the appointment of a guardian ad litem. The record upon appeal should show that they have been duly served."

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and that the cause be remanded to the district court.

GREENWOOD, and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.