Dr. Joseph Rupp, the forensic pathologist who did the autopsy on Villarreal, was also called to testify as to causation. Dr. Rupp testified that Felipe had several diseased arteries and that he died of a coronary thrombosis. As to cause, he testified that there existed two equal possibilities: one, running and driving for four minutes in smoke; two, chopping cotton. The doctor further testified that "precipitating factor" when used medically does not mean that but for the event the heart attack would not have occurred.

 It is the general rule that where the evidence develops more than one equally probable cause, for one or more of which the defendant is not responsible, the plaintiff has failed to sustain his burden of proof as to causation. *Hart v. Van Zandt*, 399 S.W.2d 791 (Tex.Sup.1965); *Bowles v. Bourdon*, supra; *Swan v. Kroger Company*, 452 S.W.2d 793 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). The evidence at its best does not even show two *probable* causes, rather it shows only two equally *possible* causes of Felipe's heart attack. This clearly does not meet the requirements for proof of causation as set out above.

The judgment of the trial court is affirmed.

Raymond C. Matkin, Waco, for appellant.

Don S. Caldwell, Jr., County Atty., Richard W. White, Asst. County Atty., Groesbeck, for appellee.

VIC HALL, Justice.

This is an appeal by a juvenile contesting an order of the juvenile court which waived that court's jurisdiction and transferred the juvenile to the district court for criminal proceedings. Appellant's two points of error are based upon the single assertion that he was not served with a summons within the requirements of § 53.06 and § 53.07, V.T.C.A., Family Code. We overrule this contention and affirm the judgment.

One of the first questions raised on the transfer hearing was whether or not appellant had been served with the summons. The only evidence on this issue was the testimony of the juvenile probation officer. He first stated that appellant was not served with a summons, but when then

---

**In the Matter of W‗‗ L‗‗ C‗‗.**

**No. 5751.**

Court of Civil Appeals of Texas, Waco.

Sept. 22, 1977.

Rehearing Denied Oct. 20, 1977.

asked whether he knew on personal knowledge that appellant "has not been served with any summons" he answered, "I can't answer that, I really don't know. I will answer it that way. I am not sure, I will put it. My personal knowledge, I don't know if he was or was not." This testimony does not conclusively establish that appellant was not served with the summons.

The judgment is affirmed.

COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,

v.

QUALITY MEAT AND PROVISION COMPANY, Appellee.

No. 17888.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 29, 1977.

Brown, Crowley, Simon & Peebles and M. Hendricks Brown, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Mark S. Stewart, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Plaintiff, Quality Meat and Provision Company, brought suit against defendant Commercial Standard Insurance Company, on a policy of fire insurance.

Plaintiff had sustained a loss it contended was covered by Commercial Standard; the latter contended the loss to have been without the coverage of the policy. With a jury waived, all issues were presented upon a trial of the merits. The court rendered judgment for the plaintiff. Commercial Standard perfected its appeal.