**In the Matter of W. L. C.**

No. B–7194.

Supreme Court of Texas.

March 1, 1978.

Raymond C. Matkin, Waco, for petitioner.

Don S. Caldwell, Jr., Dist. Atty., Richard White, Asst. Dist. Atty., Groesbeck, for respondent.

PER CURIAM.

This is a juvenile case in which the juvenile court waived its jurisdiction over W.L.C. and transferred his case to the district court for criminal proceedings. The issue raised is whether the presentation of a

document entitled "Precept to Serve" to the juvenile during the transfer hearing was sufficient service of process to successfully invoke the jurisdiction of the juvenile court. The court of civil appeals found such service sufficient and affirmed the juvenile court. 556 S.W.2d 133. We reverse.

The State instituted a juvenile delinquency proceeding against W.L.C. and filed a motion to transfer therein, on the grounds of commission of murder in the course of a burglary. At the beginning of the hearing on the transfer motion, W.L.C.'s attorney objected that summons on W.L.C. had not been returned and was not on file with the court. The judge overruled this objection. The court proceeded with the transfer hearing where Probation Officer Koester testified that he did not have personal knowledge of whether W.L.C. had been served with summons. After this testimony, the judge ordered the clerk of the court to serve W.L.C. in open court. The only documentary evidence of service in the appellate record is an instrument entitled "Precept to Serve" executed by the clerk, which directed the sheriff to serve W.L.C. with a copy of the original petition. The return of service form on the reverse side of the precept is blank. Immediately after the clerk handed the precept to W.L.C., the transfer hearing proceeded. At the conclusion of the hearing, the juvenile court waived its jurisdiction and transferred W.L.C. to the district court.

The court of civil appeals affirmed the judgment of the juvenile court holding that the testimony of Probation Officer Koester did not conclusively establish that appellant was not served with process. This holding is in conflict with sections 53.06(e) and 54.-02(b) of the Texas Family Code Ann. (1975).

Section 54.02 of the Family Code governs waiver of jurisdiction by the juvenile court and discretionary transfer of the juvenile to criminal court. Section 54.02(b) provides that: "[t]he petition and notice requirements of Sections 53.04, 53.05, 53.06 and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court."

■ Section 53.06(a) of the Family Code specifically provides that in a juvenile proceeding, the juvenile named in the petition shall be served with summons. Compliance with section 54.02(b) and the Code sections to which it refers is mandatory and prerequisite to the juvenile court jurisdiction to consider waiver of jurisdiction and discretionary transfer to criminal court. *In re TTW*, 532 S.W.2d 418 (Tex.Civ.App.—Texarkana 1976, no writ); *In re MW*, 523 S.W.2d 513 (Tex.Civ.App.—El Paso 1975, no writ).

■ Section 53.06(e) states that: "[a] party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." This section codifies the common law rule that a minor is without legal capacity to waive service of process. *Sprague v. Haines*, 68 Tex. 215, 4 S.W. 371 (1887); *DeProy v. Progakis*, 269 S.W. 78 (Tex. Comm.App.1925, holding approved); *Morris v. Drescher*, 123 S.W.2d 959 (Tex.Civ.App.—Waco 1938, writ ref'd). We hold that a juvenile must be served with summons and that, absent an affirmative showing of service of summons in the record, the juvenile court is without jurisdiction to transfer the juvenile to district court.

■ Pursuant to Tex.R.Civ.P. 483, we grant the application for writ of error and without hearing oral argument, reverse the judgments of the juvenile court and the court of civil appeals and remand the cause to the juvenile court for further proceedings not inconsistent with this opinion.