In the Interest of BABY BOY S_____, a Child.

No. 01–81–0785–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1982.

Vincent J. Rizzo; Linda A. Thompson, Houston, for appellant.

Jimmy Phillips, Jr., Angleton, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

This is an appeal from the denial of a bill of review in an adoption proceeding. The Harris County Child Welfare Unit is the appellant and Leslie Thacker, an attorney who maintains a licensed adoption agency, is the appellee.

On March 27, 1981, the appellant filed a bill of review and motion to dismiss the present proceeding. The bill alleges that in February or March 1980, a petition entitled *In the Interest of Baby Girl Schneider* was filed in Galveston County seeking to terminate the rights of the natural mother, Diana Ruth Perry, appointing Leslie Thacker as the managing conservator, and allowing James and Pamela Schneider to adopt the child. The bill claims that on March 31, 1980, the trial court terminated the parental rights of the natural mother and on April 3, 1980, the trial court in Galveston granted the adoption of Baby Girl Schneider to Mr. and Mrs. Schneider, with consent given by Leslie Thacker as the managing conservator.

The bill alleges that on July 25, 1978, a similar adoption proceeding involving the same parties had been filed in Harris County; that the appellants had filed an intervention in that suit requesting the termination of the natural mother's parental rights and the appointment of appellant as the managing conservator. The appellant alleges that between December 4, 1978 and July 21, 1980, many hearings and conversations took place between the parties involved in the Harris County suit, even though appellee knew that the Galveston Court had already entered orders on the identical issues. The appellant claims no notice of the Galveston suit and orders, and alleges fraud on the part of the appellee, the natural mother and the adoptive parents. The main thrust of the bill is not that the adoptive parents are unfit or even that the adoption should be set aside, but rather that the naming of Leslie Thacker as managing conservator was improper. The bill lists various activities and conduct by Ms. Thacker which allegedly make her unfit to be the managing conservator of the baby in question.

On September 8, 1981, the Galveston trial court signed an order granting the motion to dismiss the appellant's bill of review, stating that the appointment of a managing conservator was more of a ministerial act, that the bill of review did not allege that the adoptive parents were unfit, and that the allegations did not meet the criteria for granting a bill of review. The court stated as follows:

I further find that the allegations do not meet the criteria for granting of a Bill of Review on the adoption judgment; that the Harris County Child Welfare Unit is not a party to the original adoption in the above numbered and entitled cause; that the Harris County Child Welfare Unit is not a necessary party in the adoption proceedings in the above numbered and entitled cause and no appeal was taken within six (6) months by a party not present at the time of the hearing in accordance with the Texas Rules of Civil Procedure, and that the Harris County Child Welfare Unit had notice of the judgment within six (6) months of the entry of that judgment . . .

The transcript of the record brought to this court on appeal does not contain the record of the original Galveston court adoption proceedings, but contains only instruments relating to the bill of review.

The appellant's sole point of error alleges that the trial court erred, as a matter of law, in denying the bill of review for the reason that the trial court did not properly determine the standards used in determining the meritorious qualifications of a bill of review.

The Texas Supreme Court, speaking through Justice McGee, set forth the steps to be taken, and the quantum of proof necessary to determine whether a judgment could be attacked by a bill of review in *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979). Judge McGee stated as follows:

First, in order to invoke the equitable powers of the court, the bill of review

complainant must file a petition. This petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. (Citations omitted). The complainant must further allege, with particularity, sworn facts sufficient to constitute a defense, and as a pre-trial matter, present prima facie proof to support the contention. (Citation omitted). This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits.

The relevant inquiry is not whether "the result would probably be different" on retrial as some Texas cases have indicated. Such a test would require the court to weigh the evidence. Rather, a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. This is a question of law for the court. (Citations omitted). Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case.

On the other hand, if a prima facie meritorious defense has been shown, the court will conduct a trial. At this juncture we note that the court may, within its discretion, conduct the trial of the issues in one hearing or in separate hearings pursuant to Rule 174(b) of the Texas Rules of Civil Procedure. (Citations omitted). In any event, only one final judgment may be rendered in a bill of review proceeding either granting or denying the requested relief. (Citations omitted).

The appellant contends that it has met the requirements set forth in *Baker v. Goldsmith,* supra. It alleges that it has established a meritorious defense by showing that the actions of the appellee, Leslie Thacker, over a long period of time were of such a nature as to raise questions about her ability to serve as the managing conservator of this child. We are of the opinion that the appellant has misconstrued *Baker v. Goldsmith.* To prevail in this matter the appellant's burden of proof is to present a prima facie meritorious defense which is not barred as a matter of law, and which would entitle it to judgment on retrial if no evidence to the contrary is offered. In this case appellant has not alleged that the adoptive parents are unfit, or that the termination of the natural parental rights was improper, or that it would be to the best interest of the child to have the adoption set aside. The import of all the appellant's allegations is that the court should not have appointed Ms. Thacker as the managing conservator because her actions and qualifications are of such nature as to raise serious questions about her ability to serve as the managing conservator of this child. The appellant's attack is upon Ms. Thacker and not the adoption. If the appellant has made out a prima facie defense in its allegations and proof, they are against Ms. Thacker, not the adoption. As stated in *S.A.S. v. Catholic Family Services, Inc.,* 613 S.W.2d 540, 541 (Tex.Civ.App.—Amarillo 1981, no writ):

At the pretrial hearing, the complainant establishes a prima facie meritorious defense when it is determined that the defense is not barred as a matter of law and the complainant would be entitled to judgment on retrial if no evidence to the contrary is offered. Whether the complainant has met the required standard is a question of law for the court. "If the

court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case." (Citation omitted).

■ We are of the opinion that the appellant has not met its burden of proof in making a prima facie meritorious defense to the adoption.

The appellant has selected the wrong forum, i.e. an adoption proceeding, to air its grievances against Ms. Thacker. If the appellant is complaining of Ms. Thacker's actions as an attorney, the State Bar of Texas has a procedure through which it may present its grievances. On the other hand, if the appellant's grievances are against the Leslie Thacker Adoption Agency, the appellant may look, for recourse, to the Texas Department of Human Resources which authorizes the issuance and granting of licenses to operate child placement agencies. See, Tex.Human Res.Code Ann. Sec. 42.072

The record in this case makes it abundantly clear that the instant case is only a portion of a continuing dispute between the Harris County Child Welfare Unit and Ms. Thacker concerning the procedures that Ms. Thacker and the Leslie Thacker Adoption Agency are using in the placement of children for adoption. The child has now lived with its adopted parents for approximately four years and we are of the opinion that the appellant has not stated a valid basis, legal or equitable, why the parental relationship between the adoptive parents and this child should be disturbed. The judgment of the trial court is affirmed.