**Reversed and Remanded and Memorandum Opinion filed September 22, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00349-CV

---

### IN THE INTEREST OF M.M.S., A CHILD

---

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2015-00951J**

---

### M E M O R A N D U M    O P I N I O N

Appellant H.R.S. ("Mother") appeals the trial court's final decree terminating her parental rights, and appointing the Department of Family and Protective Services (the "Department") as sole managing conservator of M.M.S. ("the Child"). On appeal appellant challenges the legal and factual sufficiency of the evidence to support (1) the predicate grounds under which her parental rights were terminated, and (2) that termination was in the best interest of the Child. Appellant further challenges the trial court's failure to appoint a guardian ad litem to protect her

interests at the time the petition was filed. Holding that the trial court did not have personal jurisdiction over Mother, we reverse and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2015, the Department filed its original petition for the protection of the Child for conservatorship and for termination of the parents' rights. The petition stated that Mother was a minor child and that appointment of a guardian ad litem to represent her best interest was required by Rule 173 of the Texas Rules of Civil Procedure. On the same day, the trial court ordered the clerk to issue notice to Mother and the presumed father that they were to appear on February 25, 2015, for a hearing to determine whether the Department's request for temporary orders should be granted. The record contains a copy of the citation of service issued to Mother, but does not contain a citation issued to Mother's parent, guardian, or next friend.

Attached to the original petition is a pretrial removal affidavit stating the reasons the Child was initially removed from Mother. On February 25, 2015, Mother filed an affidavit of inability to pay costs, and the court ordered the appointment of Chaun Hubbard to serve as attorney ad litem for Mother. On March 7, 2015, Mother turned eighteen years old.

On April 14, 2015, Mother, through her attorney, filed a general denial in answer to the original petition. On April 15, 2015, the trial court held a full adversary hearing at which Mother's attorney appeared. At the hearing, the trial court admitted a copy of a mediated settlement agreement signed by Mother on April 2, 2015. According to the agreement, Mother agreed to place the Child with a cousin and the Department agreed to conduct a preliminary home study on the cousin with the goal of placement.

2

At the adversary hearing, Mother's attorney appeared and announced that Mother phoned both her attorney and the caseworker and notified them that she would not attend the hearing because she had been in a car accident. The Department's attorney informed the court that the parties engaged in mediation and agreed that the Department would be named temporary managing conservator and that the Department would submit a request for a home study on Mother's relative as a potential placement for the Child. The mediated settlement agreement was admitted into evidence and contains Mother's and her attorney's signatures. Mother signed the agreement on April 2, 2015, as an adult. The adversary hearing was dedicated to determining if this agreement could be implemented.

Jennifer Booth, a Department caseworker, testified that a preliminary home study was completed, and, pending the outcome of the hearing and some minor adjustments, the cousin's home would be approved as a temporary placement for the Child. Booth testified that the minor adjustments included cleaning the front yard, and putting cleaning supplies out of the Child's reach. Child Advocates raised an issue about a floor in the home that the Department intended to investigate immediately after the hearing. The Child Advocates representative testified that Child Advocates would recommend placement with the maternal relative if she put cleaning supplies, scissors, and medications out of the Child's reach. Child Advocates also requested that the cousin have her dogs vaccinated for rabies, and obtain a toddler bed.

At the conclusion of the hearing, the mediated settlement agreement was approved and made an order of the court. The Department was appointed temporary managing conservator and allowed to place the Child with the maternal cousin pending the child-proofing of the home.

On September 25, 2015, the Department filed its first amended petition for termination and conservatorship. The petition noted that Mother would be served by mailing a copy of the petition to her attorney of record pursuant to Texas Rule of Civil Procedure 21a. The amended petition sought termination of Mother's parental rights under Texas Family Code section 161.001(b)(1)(D), (E), (K), (N), and (O).

During a bench trial, the court heard testimony from the Department caseworker about the events surrounding the Child's removal. At the conclusion of the bench trial, the trial court found that termination of Mother's parental rights was in the Child's best interest. Additionally, the court found termination grounds on endangerment (Family Code section 161.001(b)(1)(E)), constructive abandonment (section 161.001(b)(1)(N)), and failure to follow a court-ordered reunification plan (section 161.001(b)(1)(O)). The trial court further appointed the Department as sole managing conservator of the Child.

## II.   PERSONAL JURISDICTION

In her first issue Mother argues the trial court erred in not appointing a guardian ad litem to represent her interests as a minor at the time the suit was filed. The record reflects the original petition was filed February 12, 2016. On February 18, 2016, Mother was served by personal citation and ordered to appear on February 25, 2016 for a hearing. The record does not reflect service on a guardian or parent and does not reflect that a guardian ad litem was appointed. On February 25, 2016, Chaun Hubbard was appointed to serve as attorney ad litem. On March 7, 2016, Mother turned eighteen years old. The record does not reflect additional personal service of citation after Mother's eighteenth birthday.

Because a court must have jurisdiction over a defendant to enter judgment binding her, we first address whether the trial court obtained personal jurisdiction

over Mother through proper service of citation. *See In re P.RJ E.*, ___ S.W.3d ___; 2016 WL 3901911 (Tex. App.—Houston [1st Dist.] July 14, 2016, no pet. h.) (not yet published) ("complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time.").

The Supreme Court of Texas has held that a termination suit, as this case involves, is afforded higher scrutiny. *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). An involuntary termination of parental rights involves fundamental constitutional rights. *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). A termination decree is complete, final, irrevocable and divests for all time that natural right as well as all legal rights. *See Holick*, 685 S.W.2d at 20. Thus, we must exercise the utmost care in reviewing the termination of parental rights to be certain that a parent's rights are acknowledged and protected. *Velasco v. Ayala*, 312 S.W.3d 783, 798 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

Personal jurisdiction, a vital component of a valid judgment, is dependent "upon citation issued and served in a manner provided by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). If service is invalid, it is of no effect and cannot establish the trial court's jurisdiction over a party. *In re E.R.*, 385 S.W.3d at 563. The Family Code requires service of citation on the filing of a petition in an original suit on each parent as to whom the parent-child relationship has not been terminated or process has not been waived under Chapter 161. Tex. Fam. Code Ann. § 102.009(a)(7). The code further provides that citation on the filing of an original petition in a suit shall be issued and served as in other civil cases. *Id.* § 102.009(c). "But if service was invalid, a party is entitled to a new trial without a showing of good cause." *In re E.R.*, 385 S.W.3d at 563.

Minors and incompetents are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities; such persons are required to appear in court through a legal guardian, a "next friend," or a guardian ad litem. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Under Texas law, minors may be properly joined as defendants through their next friend. *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex. 1995) (per curiam). When a minor is named as defendant, the court's personal jurisdiction over the minor depends on "whether the minor's interests have been properly protected and whether a deficiency in notice or due process has been shown." *Id.* "A minor is not sui juris; generally he may not sue or be sued except as the rules of procedure provide." *Vandewater v. Am. Gen. Fire & Cas. Co.*, 890 S.W.2d 811, 814 (Tex. App.—Austin 1994), *rev'd on other grounds by Vandewater*, 907 S.W.2d at 492.

In this case, the minor, Mother, was served with citation approximately three weeks before her eighteenth birthday. It is undisputed that Mother was not represented by a parent, next friend, or guardian ad litem at the time she was served. It is also undisputed that Mother was not served with process after becoming an adult. Because Mother did not have the capacity to receive service at the time she was served, the trial court did not obtain personal jurisdiction over her. *See In re E.R.*, 385 S.W.3d at 563.

The Department argues that by appearing through her attorney at the adversary hearing and at trial, Mother waived any defect in service of citation. The Department relies on section 161.103 of the Family Code in arguing that Mother could waive service of citation through her appearance. Section 161.103 governs termination of parental rights based on an affidavit of voluntary relinquishment. Section 161.103(a) permits a minor parent to sign a voluntary relinquishment of

parental rights. The affidavit must be witnessed by two credible persons and verified before a person authorized to take oaths. Tex. Fam. Code Ann. § 161.103(a).

Section 161.103(c) permits the affidavit to contain a waiver of process. The constitutionality of such a waiver of process was upheld by the Supreme Court in *National Equipment Rental Ltd. v. Szukhent*, 375 U.S. 311, 316–17 (1964), which held that a party may agree in advance to submit to the jurisdiction of a given court and to waive service of citation. The criteria for constitutionality of a waiver is that the party voluntarily, intelligently, and knowingly waived his or her rights to notice and hearing with full awareness of the legal consequences. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 393 (Tex. 1982). In this case, Mother did not execute an affidavit of voluntary relinquishment. Moreover, nothing in the record reflects that Mother voluntarily, intelligently, and knowingly waived her right to proper service of citation.

For more than a century, the courts of this State have recognized the necessity for personal service upon a minor. In *Wheeler v. Ahrenbeak*, 54 Tex. 535 (1881), the court pointed out the necessity of complying with a statutory requirement for service upon a defendant and concluded that such right could not be waived by a minor even though "no injustice in fact was done by failure to serve the minor defendants personally with process." *Id.* at 539; *see also In re M.W.*, 523 S.W.2d 513, 514 (Tex. Civ. App.—El Paso 1975, no writ). In *Wright v. Jones*, the court discussed the necessity for service of process upon a minor and held that while an appearance may be entered by a defendant without process being served, "this applies only to persons sui juris." 52 S.W.2d 247, 250 (Tex. Comm'n App.1932, holding approved). A person non sui juris, such as a minor, cannot appear and thereby confer jurisdiction of the court over her. *Id.*

A minor is without legal capacity to waive service of process or accept service of process. *Matter of W.L.C.*, 562 S.W.2d 454, 455 (Tex. 1978) In *W.L.C.*, the supreme court addressed propriety of service of citation under section 53.06 of the Texas Family Code, which addresses summons in a juvenile delinquency case. The court held that the trial court did not acquire personal jurisdiction over the juvenile because the service on the juvenile was invalid. *Id.* at 454. The court further held that a minor cannot waive service of process by written stipulation or by voluntary appearance at a hearing. *Id.*

In *S.A.S. v. Catholic Family Services, Inc.*, the Amarillo Court of Appeals distinguished *W.L.C.*, stating that the court was interpreting section 53.06, which specifically excepts a child when authorizing waiver of service in proceedings in juvenile court. 613 S.W.2d 540, 543 (Tex. App.—Amarillo 1981, no writ). In *S.A.S.*, the Amarillo court held that the minor parents in a parental termination suit could waive service of process when the waiver is contained in an affidavit of voluntary relinquishment. *Id.* The court went on to distinguish *W.L.C.* as inapplicable because it interpreted a statute directed toward juvenile court. *Id.* We disagree with the Amarillo court with regard to the application of *W.L.C.* to a minor parent in a termination case. While *W.L.C.* was a juvenile case, the court noted that section 53.06 was a codification of the common law rule that a minor is without legal capacity to waive service of process. 562 S.W.2d at 455. In making this determination the supreme court relied on *Sprague v. Haines*, 68 Tex. 215, 4 S.W. 371 (1887) and *DeProy v. Progakis*, 269 S.W. 78 (Tex. Comm. App. 1925, holding approved), neither of which involved juvenile delinquency adjudications.

The Department also argues that Mother obtained majority before she appeared, and could at that time waive service. The rule is well established that a minor, even in a civil proceeding, lacks the capacity to accept or waive service. *In*

*re M. W.*, 523 S.W.2d at 515. Therefore, at the time Mother was served with citation, she was a minor and incapable of accepting service without being represented by a parent, next friend, or guardian. *See W.L.C.*, 562 S.W.2d at 455. Mother's later appearance after turning eighteen does not cure her lack of capacity at the time she was served. *See id.*

We conclude that because Mother was a minor at the time the Department sought to effect service on her, and because Mother's parent, guardian, or next friend was not duly served with citation under the law, the trial court did not acquire personal jurisdiction over Mother, and the trial court's judgment is void. *See In re E.R.*, 385 S.W.3d at 563.

We reverse the trial court's judgment and remand for a new trial.

 

_____

Sharon McCally
Justice

Panel consists of Justices Jamison, McCally, and Wise.